·482 P.2d 239

Clemente MARTINEZ, Plaintiff-Appellee,

v.

BOARD OF EDUCATION OF the VAUGHN MUNICIPAL SCHOOLS, Defendant-Appellant.

No. 9134.

Supreme Court of New Mexico.

March 15, 1971.

James A. Maloney, Atty. Gen., E. P. Ripley, Sp. Asst. Atty. Gen., Santa Fe, for defendant-appellant.

Donald A. Martinez, Las Vegas, for plaintiff-appellee.

OPINION

McMANUS, Justice.

Defendant Vaughn Municipal School Board appeals from judgment for plaintiff Clemente Martinez in an action for breach of a school bus operator's contract. At issue is the effect of § 77–14–5, N.M.S.A. (1953 Comp.) on the transportation contract between the parties.

Defendant alleges that § 77–14–5(C) became a part of the contract between the parties and gave them the right to terminate the contract when the number of pupils on the route fell below ten. The section states:

> "The state board shall hold a hearing on the written protest and may modify or change any school bus route if it determines the modification or change will be beneficial to the school district affected. *However, no school bus route serving less than ten [10] students shall be established or maintained.*" (Emphasis ours.)

Plaintiff agrees that the statute became a part of the contract although not expressly set out therein. Compare Wiggs v. City of Albuquerque, 56 N.M. 214, 242 P. 2d 865 (1952). However, he argues that § 77–14–5, supra, was applicable only at the time of the making of the contract and the establishment of the bus route.

The language of § 77–14–5, supra, is clear and unambiguous. It pertains not only to the establishment, but also the maintenance of school bus routes by the state transportation division of the department of education, with provision for protest by local school boards through § 77–14–5(A), which states:

> "A local school board may file a written protest with the state board objecting to a school bus route established by the state transportation division. The written protest shall contain the objections of the local school board to the school bus route."

There is also provision for modification or change of established school bus routes. Section 77–14–5(D) provides:

"No school bus route shall be modified or changed in any manner inconsistent with the provisions of an existing school bus service contract unless the proposed modification or change is consented to by the state transportation director."

However, the defendant did not follow the proper administrative channels.

The defendant unilaterally revoked the contract in question without recourse to the requisites of § 77–14–5(D), supra, which clearly requires that recourse be had through the state transportation director.

The judgment of the lower court is hereby affirmed.

It is so ordered.

TACKETT and STEPHENSON, JJ., concur.